In the Matter of the Claims of RICHARD E. LASHER et al., Respondents. BETHLEHEM STEEL CO., INC., Employer; EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, March 12, 1952.

506

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General* and *Francis R. Curran* of counsel), for appellant.

*Joseph May* for respondents.

Coon, J. The Bethlehem Steel Co., Inc., is one of the largest manufacturers of steel in the United States. It is one of several corporations involved in an intricate corporate setup, and operates through several plants and offices. We are concerned primarily with its plant located at Lackawanna, New York, and operated for the manufacture of steel. The regular workers at that plant, engaged in the actual manufacture of steel, are members of the steel workers union, and will hereinafter be referred to as "steel workers." The Bethlehem Steel Co., Inc., also engages in construction work and the erection of the finished steel product in New York State and elsewhere in the United States, for anyone who may wish to contract with it for such work. The branch performing this work is known as the Fabricated Steel Construction Division, Erection Department. It is not a separate legal entity, but might be characterized as one

branch or one department of the company. The employees of this department, including these claimants, are members of the Bridge, Structural and Ornamental Iron Workers Union, and will hereafter be designated as "iron workers."

At the time involved here these claimants were employed in erection work on the premises of the Bethlehem Steel Co., Inc., at Lackawanna, N. Y. They were actually constructing approaches to the open hearths used in the manufacture of steel. At 12:01 A.M., on October 1, 1949, the "steel workers" at the Lackawanna plant went on strike. On their next working day, October 3, 1949, the "iron workers" were not allowed to cross the picket line. By agreement, however, the iron workers were permitted to resume work on October 4, 1949. Some iron workers continued to work throughout the strike on projects at the employer's plant at Lackawanna. These claimants were notified that there was no work for them due to a shortage of steel, and they did not resume work during the strike.

When claimants filed claims for unemployment insurance benefits, initial determinations were issued suspending their benefit rights for seven weeks on the ground that they lost their employment because of an industrial controversy in the establishment in which they were employed, pursuant to subdivision 1 of section 592 of the Unemployment Insurance Law (Labor Law, art. 18). An unemployment insurance referee overruled the initial determinations, and the Unemployment Insurance Appeal Board affirmed the decision of the referee. The Industrial Commissioner has appealed to this court from the decision of the Unemployment Insurance Appeal Board.

The appeal board based its decision solely on the ground that the strike or industrial controversy was not in the " establishment " in which claimants were employed, and relied for its authority upon *Matter of Machcinski (Ford Motor Co. — Corsi)* (277 App. Div. 634). Strangely enough, both parties cite the *Machcinski* case (*supra*) as authority for their respective positions on this appeal.

Under the Unemployment Insurance Law adopted in this State, it is of no consequence whatever that claimants were not on strike; that they were not aiding the strike, financially or otherwise; that they were employed in a separate branch of work, or that they lost their employment through no fault of their own. Such elements were significantly omitted by the Legislature when our statute was enacted.

The *Machcinski* case (*supra*) traces the origin, history and judicial development of unemployment insurance laws with such

completeness that it is unnecessary to repeat it here. It is to be noted that the opinion of Mr. Justice HEFFERNAN in that case expressly states, at page 639: "Under our law there is no requirement of participation, financial aid or interest, nor is there any provision which deems separate branches of work as separate factories, workshops or premises."

These claimants were employed by the same employer as the striking steel workers, and were employed at the same plant and upon the identical premises. The work which they were performing was as essential to the production of steel at the plant as the work of the steel workers. The fact that at other times they might be employed elsewhere is of no importance. We must deal with the circumstances existing at the particular time when the unemployment arose. At that time they were clearly employed in the " establishment " where the industrial controversy arose. To hold otherwise would be tantamount to a holding that employees regularly working at the same plant but in a different department, or doing a different kind of work, or belonging to a different union than striking employees, would not be employed in the same " establishment ". Clearly this was not the intent of the statute. Clearly the *Machcinski* case (*supra*, p. 643) does not so hold, but on the contrary expressly says: " In our opinion we believe the word ' establishment ' as used in the statute means the place where the employee was last employed." The undisputed evidence establishes that the industrial controversy occurred " in the establishment " where claimants were employed.

Another element is essential, however, before claimants' benefit rights may be suspended, i.e., claimants must have lost their employment " because of a strike, lockout, or other industrial controversy ". The board has found, in accordance with the evidence, that claimants' unemployment was due to a shortage of steel. No finding is made as to whether such shortage was due to the strike at the Lackawanna plant or due to other causes.

The decision of the appeal board should be reversed on the law, and the cases remitted to the appeal board for a determination and finding on that question, without costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Decision of the appeal board reversed, on the law, without costs, and the case remitted to the appeal board for a determination and finding on the question indicated in the opinion herein.