In the Matter of the Claim of CHARLES CURATALO, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— The Industrial Commissioner appeals from a decision of the Unemployment Insurance Appeal Board affirming a Referee's decision which reversed a determination of the Industrial Commissioner denying benefits to claimant for a period of seven weeks on the ground he lost his employment because of an industrial controversy in the establishment in which he was employed. (Unemployment Insurance Law, § 592, subd. 1 [Labor Law, art. 18].) Both parties agree that the only issue is whether the strike involved here occurred in the establishment in which claimant was employed. Claimant's employer was engaged in two separate and different enterprises. It operated a steel fabrication plant at one location in the City of Rochester, New York. It also operated a construction business and engaged in erecting and installing steel structures at various sites in and around Rochester, but not physically connected or adjacent to its fabrication plant. Claimant was employed at the fabrication plant. The group of construction workers engaged in construction at various sites were members of one union. The steel workers employed at the fabrication plant were members of another union. Each group operated under a separate and distinct contract. On June 16, 1958 the construction workers' union called a strike of construction workers. Picket lines were thrown around the various construction projects. There was no strike and no picket line at the fabrication plant where claimant worked, or by the union of which he was a member. Because the employer was unable to cross picket lines to deliver finished steel to construction sites, and because of lack of storage space at the fabrication plant, a production cut-back became necessary, and on July 25, 1958 the employer laid off claimant and several other steel workers at the fabrication plant, but continued to operate with about three-fourths of its work force to fabricate

steel for sale to others. Neither the claimant, his union, nor the physical plant where he was employed, was involved in any way with the strike. The strike did not occur at the "place" where claimant was employed, and the question at issue would seem squarely answered by *Matter of Machcinski* [*Corsi*] (277 App. Div. 634.) (See, also, *Matter of Ferrara* [*Catherwood*], 11 A D 2d 171.) Appellant relies heavily upon *Matter of Lasher* [*Corsi*] (279 App. Div. 505). The *Lasher* case does nothing but reaffirm the principles of the *Machcinski* case, but turned upon the point that under the particular circumstances there the construction workers were actually working inside the physical plant where the steel workers went on strike. Decision unanimously affirmed, with costs to respondent. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.