■ In the Matter of the Claim of THOMAS J. GILMARTIN, Respondent MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commisisoner from a decision of the Unemployment Insurance Appeal Board which held the claimant eligible for immediate benefits and found that he did not lose his employment as the result of an industrial controversy in the establishment in which he was employed. Claimant was employed by Flexicore Precast, Inc., which at the time in question was apparently owned by the same person who owned the Ryan Concrete Company. The two corporations were, however, distinct legal entities and occupied separate premises. Ryan supplied Flexicore with the concrete which it used in its manufacturing process. A representative of the lathers' union called upon Flexicore and demanded that it employ a member of that union to operate a lathe that was

being used. Flexicore refused and the union representative contacted the teamsters' union and as a result the truck drivers employed by Ryan refused to deliver concrete to Flexicore. Flexicore was therefore forced to lay off its employees including the claimant because it had no material for them to work with. Section 592 of the Labor Law provides that a claimant's right to benefits shall be suspended for seven weeks if "he lost his employment because of a strike, lockout, or other industrial controversy in the establishment in which he was employed". This section is designed to compel the State to stand aside for a time, pending the settlement of differences between employer and employees (*Matter of Burger* [*Corsi*], 277 App. Div. 234; *Matter of Wentworth* [*Catherwood*], 10 A D 2d 504). In the present case there was no dispute between Flexicore and any of its employees who were all ready and willing to work. The boycotting employees worked for a separate and distinct employer at a different establishment and they were not involved in the same activity as Flexicore's employees. Any "industrial controversy" that existed was between Flexicore and an outside union that represented none of Flexicore's employees. The board properly determined that this was not an "industrial controversy in the establishment" where claimant was employed (cf. *Matter of Curatalo* [*Catherwood*], 11 A D 2d 840; *Matter of Ferrara* [*Catherwood*], 11 A D 2d 171; *Matter of Machcinski* [*Corsi*], 277 App. Div. 634). The fact that none of Flexicore's employees were involved in the dispute distinguishes this case from *Matter of Lasher* (*Corsi*) (279 App. Div. 505) and *Matter of Sprague* (*Lubin*) (4 A D 2d 911) which are relied upon by appellant. Decision unanimously affirmed, with costs to respondent.