Fuld, J.
 

 This appeal, here by permission of the Appellate Division, poses a question somewhat different from that presented in
 
 Matter of Ferrara (Catherwood)
 
 and the other cases which we have just treated
 
 (supra,
 
 p. 1
 
 et seq.)
 

 The claimant was employed by Flexicore Precast, Inc., a manufacturer of concrete products. The concrete which it used in its manufacturing process was supplied by Eyan Concrete Company. At the time of the claimant’s unemployment, both corporations were owned by the same person. The two corporations were, however, distinct legal entities and occupied separate premises.
 

 The industrial controversy with which this case is concerned arose in the following manner. A representative of the Lathers’ Union called upon Flexicore and demanded that a member of that union be employed to operate a lathe that was being used by Flexicore. Flexicore, whose employees were members of other unions, refused the demand. The Lathers’ Union representative enlisted the aid of the Teamsters’ Union and, thereupon, the truck drivers employed by Eyan, who were members of
 
 *19
 
 that union, refused to deliver concrete to Flexicore. Flexicore was forced to lay off its employees, including the claimant.
 

 As we have already noted, the issue here involved differs from that in the other cases. In each of them, the essential question was whether the facility in which the claimant was employed constituted a separate establishment from the establishment in which the industrial controversy occurred. Flexicore and Eyan unquestionably constituted separate establishments, and we are here called upon to decide whether there was an industrial controversy at Flexicore where, as we have said, the claimant worked. We believe there was. Flexicore was the employer of whom the Lathers’ Union demanded employment for one of its members. The fact that the Lathers’ Union sought to achieve this objective by having its Teamster ally bring indirect pressure through the truck drivers of an essential supplier does not change the basic character of the controversy or alter Flexicore’s involvement. Flexicore and the Lathers ’ Union continued to be the primary disputants.
 

 The claimant contends, however, that the conduct which caused the loss of employment was a “ secondary boycott ” and, therefore, could not be considered an “ industrial controversy To support his position, he calls attention to several cases holding that similar conduct has been held to be “illegal” and not a “labor dispute” within the purview of section 876-a of the Civil Practice Act, our anti-injunction statute.
 

 It is unnecessary to test the validity of the conduct here in issue in terms of section 876-a. The purposes underlying the Civil Practice Act provision and those which underlie section 592 of the Unemployment Insurance Law (Labor Law, art. 18) are entirely different. That an employer may be entitled to injunctive relief against unlawful conduct on the part of a union does not establish that the employees of such an employer, who were laid off as a result of the unlawful conduct, are entitled to unemployment insurance benefits. In interpreting section 592, the unlawfulness of the controversy is beside the point; the statute does not permit value judgments either as to employer or employee conduct.
 

 The fact that the Lathers’ Union did not represent Flexicore’s then current employees is also beside the point. Such a consideration bears only upon the propriety of the conduct, not upon the existence of a controversy.
 

 
 *20
 
 It is, therefore, our conclusion that there was an industrial controversy at Flexicore, the establishment in which the claimant and his fellow employees were employed, and, accordingly, benefits should have been suspended for the statutory period. (See
 
 Matter of Lasher [Bethlehem Steel
 
 Co.], 279 App. Div. 505.)
 

 The order of the Appellate Division should be reversed and the determination of the Industrial Commissioner reinstated, without costs.
 

 Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
 

 Order reversed, etc.