■    In the Matter of the Claim of James Wahlig, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 13, 1972. On April 12, 1971, two unions commenced a strike in the employer's establishments. Claimant, a cost estimator and a nonunion employee, worked until May 5, 1971 at which time he was laid off. Claimant applied for benefits, and the Commissioner imposed the suspension provisions of section 592 of the Labor Law. The referee sustained the suspension of benefits and the board affirmed. Appellant contends that his benefits should not be suspended for the seven-week period as provided by section 592 since he was a nonunion employee, and he in no way aided or encouraged the strike. Unquestionably claimant lost his employment because of an industrial controversy, and claimant further does not dispute

that the controversy took place in the establishment where he was employed. The record supports the determination that claimant lost his employment because of a strike. "Under the Unemployment Insurance Law adopted in this State, it is of no consequence whatever that claimants were not on strike; that they were not aiding the strike, financially or otherwise; that they were employed in a separate branch of work, or that they lost their employment through no fault of their own. Such elements were significantly omitted by the Legislature when our statute was enacted." (*Matter of Lasher* [*Bethlehem Steel Co.— Corsi*], 279 App. Div. 505, 507.) There being an industrial controversy in the establishment in which claimant was employed, benefits were properly suspended for the statutory period. (*Matter of Gilmartin* [*Catherwood*], 10 N Y 2d 16.) Claimant's contention that nonstriking employees should be exempted from the suspension provisions of the statute should be addressed to the Legislature rather than to the courts. Decision affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Reynolds, JJ., concur.